{¶ 69} I respectfully dissent, in part, only with regard to that portion of the majority's opinion finding that the costs of preparing a transcript are separate from court costs in this case. In all other respects, I concur in judgment and opinion.
 {¶ 70} In Hurst v. Baker (Dec. 23, 1998), Gallia App. No. 98CA02, this court noted that, "effective July 1, 1992, Appellate Rule 24 sets out the guidelines for assessing court costs." App. R. 24(B) provides that, "[a]s used in this rule, `costs' means an expense incurred in preparation of the record including the transcript of proceedings." InHurst, this court noted *Page 38 
that, "[i]t has always been the position of this court that since it is the duty of the appellant to see that the record is prepared, the appellant must advance the funds necessary to see that the transcript is prepared and filed." Hurst, supra.[5]
 {¶ 71} Thus, the cost of preparing the transcript is a court "cost" as set forth in App. R. 24(B). Wife, as appellant, bore the initial burden of advancing "the funds necessary to see that the transcript [on appeal] is prepared and filed." Id. As a result, I would find that Wife's assignment of error in this regard is without merit. Wife's ultimate burden for this expense, however, is affected by this court's judgment entry. Hurst.
 {¶ 72} Accordingly, I dissent, in part. *Page 39 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART AND VACATED IN PART and that the Appellant and the Appellee split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.
Kline, J.: Concurs in Judgment and Opinion in all respects except in 07CA13, Dissents with Dissenting Opinion, in part, of Assignment of Error I.
[5] This court, in Hurst, further stated: "[t]he question of who will ultimately bear the expense of paying for the transcript, however, cannot be determined until after the court has reached a decision and judgment and has assessed costs to one or both of the parties. Once the court has assessed costs, the clerk of courts should apportion the costs on appeal as directed by the court. If, as in App. R. 24(A)(3), the judgment is reversed and costs are assessed against the appellee, the clerk should obtain from the appellant a certified copy of the bill for the transcript and assess that amount as part of the court costs. Upon payment of the court costs by appellee, the clerk should reimburse the appellant for the expense of having the transcript prepared."
 *Page 1